UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

DEANDREA CARTER,

    Plaintiff,

vs.                             CASE NO.:

OMNI INTERACTIONS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEANDREA CARTER, by and through the undersigned attorney, sues the Defendant, OMNI INTERACTIONS, INC., a Colorado for Profit Corporation and alleges:

1. Plaintiff, DEANDREA CARTER, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, DEANDREA CARTER, was an employee who worked for Defendant within the last three years.

3. Plaintiff, DEANDREA CARTER, worked remotely for Defendant from her home in Las Vegas, Clark County, Nevada.

4. Plaintiff, DEANDREA CARTER, was classified as an independent contractor.

1

5. Plaintiff, DEANDREA CARTER, worked for Defendant earning an hourly rate between $13.00 and $15.00 per hour depending on raises.

6. Plaintiff, DEANDREA CARTER, worked as a Gig Brand Ambassador (GBA) for Defendants.

7. According to Defendant's website, a GBA is simply the term used for the contractors supporting Defendant's client(s). Everyone is a GBA, no matter which account or client they are supporting. See https://omniinteractions.com/faq/what-is-a-gba-gig-brandambassador/

8. According to Defendant's website, GBAs are required to work a minimum of twenty-five (25) hours per week.

9. GBAs are required to sign up for pre-determined shifts using "Humanity", an app supported by iOS and Android.

10. GBAs are only allowed to select pre-determined shifts that are offered by Defendant.

11. GBAs are required to go through specific training taking approximately 1-2 days initially went hired. Further, Plaintiff was required to attend another two weeks of training related to her specific job.

12. According to their LinkedIn profile, Defendant specializes in business transformation and provides virtual customer contact solutions for fortune 1,000 companies. See https://www.linkedin.com/company/omniinteractions/

13. At all times material to this cause of action, Defendant unlawfully misclassified Plaintiff as an independent contractor.

2

14. That under the long standing "economic realities test", Plaintiff was an employee of Defendants.

15. At all times material to this cause of action, Plaintiff, DEANDREA CARTER, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

16. Defendant, OMNI INTERACTIONS, INC., is a Colorado For Profit Corporation that operates and conducts business in Las Vegas, Nevada due to Plaintiff working from home in Las Vegas Nevada, and is therefore within the jurisdiction of this Court.

17. Defendant, OMNI INTERACTIONS, INC., lists its principal street address as 558 Castle Pines Parkway, Unit B-4 Box 162, Castle Pines, Colorado 80108.

18. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

19. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

20. During Plaintiff's employment with Defendants, Defendant, OMNI INTERACTIONS, INC., earned more than $500,000.00 per year in gross sales.

21. Defendant, OMNI INTERACTIONS, INC., employed in excess of fifty (50) employees and paid these employees plus earned a profit from their business.

22. During Plaintiff's employment, Defendant, OMNI INTERACTIONS, INC., employed at least two employees who handled goods, materials and supplies

which travelled in interstate commerce such as computers, laptops, printers, fax machines, headphones, notebook binders, and other tools/materials used to run the business.

23. Therefore, at all material times relevant to this action, Defendant, OMNI INTERACTIONS, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

24. Additionally, Plaintiff, DEANDREA CARTER, is individually covered under the FLSA.

## FLSA VIOLATIONS

25. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

26. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

27. Specifically, Defendant unlawfully misclassified Plaintiff in an effort and/or scheme to avoid compensating her time and one-half her hourly rate of pay for hours worked in excess of forty (40) in the work week.

28. Plaintiff is entitled to the half-time premium for all hours worked in excess of forty (40) per week.

29. Plaintiff routinely worked in excess of forty (40) hours per week during her employment with Defendant.

30. For example, during the two week workweek from May 11, 2020 to May 24, 2020, Plaintiff worked 119.26 hours and was paid her regular hourly rate ($13.00) for all hours worked.

31. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

32. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above as though stated fully herein.

34. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

35. During her employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

36. Plaintiff was paid her regular rate for all hours worked regardless of how many overtime hours were worked in the workweek.

37. Defendant has failed provide accurate overtime compensation for numerous pay periods due to misclassifying Plaintiff as an independent contractor.

38. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

39. As a result of Defendant's intentional, willful and unlawful acts in

refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DEANDREA CARTER demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this **1st** day of December, 2020

*Nicolette Capri Best*
Nicolette Capri Best (Dec 1, 2020 10:15 PST)

Nicolette Best, Esq.
NVBN
Email: nbest@forthepeople.com

*MG*
Matthew Gunter (Dec 1, 2020 13:37 EST)

Matthew Gunter, Esq. (*Pro Hac Vice Pending*)
FLBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 867-4791
Email:      mgunter@forthepeople.com
Attorneys for Plaintiff

# Complaint

Final Audit Report                                    2020-12-01

| | |
|---|---|
| Created: | 2020-12-01 |
| By: | Christie Effron (ceffron78@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAn-GZUtBm_kOUIAyMb0b4_4ksxUHo4liM |

## "Complaint" History

- Document created by Christie Effron (ceffron78@gmail.com)
  2020-12-01 - 6:04:57 PM GMT- IP address: 104.129.206.210

- Document emailed to Nicolette Capri Best (nbest@forthepeople.com) for signature
  2020-12-01 - 6:09:54 PM GMT

- Email viewed by Nicolette Capri Best (nbest@forthepeople.com)
  2020-12-01 - 6:13:18 PM GMT- IP address: 45.41.142.241

- Document e-signed by Nicolette Capri Best (nbest@forthepeople.com)
  Signature Date: 2020-12-01 - 6:15:34 PM GMT - Time Source: server- IP address: 72.193.248.24

- Document emailed to Matthew Gunter (mgunter@forthepeople.com) for signature
  2020-12-01 - 6:15:36 PM GMT

- Email viewed by Matthew Gunter (mgunter@forthepeople.com)
  2020-12-01 - 6:37:18 PM GMT- IP address: 104.129.206.106

- Document e-signed by Matthew Gunter (mgunter@forthepeople.com)
  Signature Date: 2020-12-01 - 6:37:49 PM GMT - Time Source: server- IP address: 104.129.206.106

- Agreement completed.
  2020-12-01 - 6:37:49 PM GMT

Adobe Sign